**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas L Rempfer,<br><br>        Plaintiff,<br><br>v.<br><br>Frank Kendall, III,<br><br>        Defendant. | No. CV-24-00219-TUC-JCH<br><br>**ORDER** |

Before the Court is Defendant's Motion to Dismiss (Doc. 8), which is fully briefed (*see* Docs. 9 and 10). On November 20, 2024, the Court heard oral argument (Doc. 12). For the following reasons, the Court will grant Defendant's Motion to Dismiss without leave to amend.

**I.     Factual Background**[1]

Plaintiff Thomas L. Rempfer is a retired officer in the U.S. Air Force Reserve. In 2011, Plaintiff was considered for promotion to squadron command. The command hiring board improperly tampered with the selection process to pass over Plaintiff and hire instead a less qualified candidate. Plaintiff reported these actions and was subsequently fired, had his tour curtailed two years early, and was removed from full-time orders. Plaintiff took active-duty orders with another squadron for the next three years. During this period, he was passed over for promotion to Colonel twice because he lacked the requisite squadron

---

[1] The Court draws this account from allegations in Plaintiff's Complaint, which the Court accepts as true at this stage. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

command experience.

In 2015, Plaintiff reached mandatory retirement after serving the maximum allowable 28 years without progressing past the rank of Lieutenant Colonel. Post-retirement, Plaintiff continued to pursue his wrongful non-promotion claim. And, in 2017, the Air Force Board for the Correction of Military Records ("AFBCMR") found that Plaintiff had been wrongfully passed over for the squadron command position in 2011. The AFBCMR directed that Plaintiff be given constructive command credit for the 2012–2015 period of service and be screened by a Special Selection Board ("SSB") to determine whether he should be retroactively promoted to the rank of Colonel.

On March 25, 2019, the SSB found for Plaintiff and recommended him for promotion to Colonel with a proposed retroactive Date of Rank ("DOR") of June 1, 2012, the first date Plaintiff would have been considered for rank advancement but for the command hiring board's wrongdoing.

Under the Appointments Clause of the United States Constitution, advancement to the rank of Colonel requires nomination by the President and confirmation by the Senate. U.S. CONST. art. II, § 2, cl. 2; *see also* 10 U.S.C. § 12203(a) ("Appointments of reserve officers in commissioned grades above lieutenant colonel and commander shall be made by the President, by and with the advice and consent of the Senate…."); *Buckley v. Valeo*, 424 U.S. 1, 125–26 (1976) (per curiam) (More than a matter of "etiquette or protocol," officers must be appointed because they exercise "significant authority pursuant to the laws of the United States."). On March 26, 2019, President Donald J. Trump nominated Plaintiff and forwarded his name to the Senate for confirmation. But Plaintiff's nomination never left the Senate Armed Services Committee ("SASC") because, according to Plaintiff, the Air Force wrongfully delayed and failed to provide records requested by the SASC. More specifically, Plaintiff alleges the SASC wanted assurances Plaintiff could return to active service to complete the promotion process, and the Department of the Air Force determined that Plaintiff was not eligible to return to active service. On January 3, 2020, the SASC returned Plaintiff's name without action, which terminated the confirmation process before

the Senate without a vote.

Nonetheless, by letter dated June 8, 2021, the Acting Secretary of the Air Force advanced Plaintiff's rank to Colonel on the "Reserve retired list", using the power granted under 10 U.S.C. § 1552 to correct military records.[2] The Acting Secretary's letter indicated this was possible because "retired Reserve Officers" are not subject to the Appointments Clause. Doc. 1-21 at 1. But the Secretary did *not* grant Plaintiff a retroactive DOR or back pay: "advancement of Lt Col Rempfer on the retired list of the Air Force shall not affect his current retired pay or other benefits from the United States to which Lt Col Rempfer is entitled based upon his military service…." *Id.* Now, Defendant contends the only way for Plaintiff to receive a DOR retroactive to June 1, 2012, and the back pay and benefits that come with it, is by promotion to Colonel under the Appointments Clause.

## II.     Procedural History

On January 17, 2023, Plaintiff filed a lawsuit against Defendant before the Court of Federal Claims, alleging three Counts: (I) violation of 10 U.S.C. § 14502, the statute governing SSBs; (II) violation of 10 U.S.C. § 1552, the Correction of Military Records statute; and (III) violation of 10 U.S.C. § 1034, the Military Whistleblower Protection Act ("MWPA"). Doc. 8-1 at 14–18.[3] Plaintiff requested specific relief in the form of an "[o]rder that Plaintiff's Date of Rank be adjusted to 01 June 2012" and approximately $178,000 in active duty and retirement backpay. *Id.* at 18.

The Court of Federal Claims dismissed Counts I and II for failure to state a claim and Count III for lack of jurisdiction because the MWPA is not a money-mandating statute. Doc. 8-2 at 4. More specifically, the Court of Federal Claims found (1) Plaintiff "cannot be entitled to a colonel's pay when he did not meet a legal requirement for promotion," namely, confirmation by the Senate; (2) Defendant did not actually violate the statutes and regulations identified in the Complaint; and (3) "claims relating to Air Force interference

---

[2] Typically, advancement to the rank of Colonel is subject to the Appointments Clause. But under 10 U.S.C. § 1552(a)(1), the Acting Secretary has discretion to correct a military record if "necessary to correct an error or remove an injustice," subject to established procedures, § 1552(a)(3)(A).
[3] All citations are to CMECF page number unless otherwise noted.

- 3 -

in the Senate confirmation process are non-justiciable." *Id.* at 5. Plaintiff did not file an amended complaint in the Court of Federal Claims or pursue an appeal from the court's adverse judgment.

Rather, on April 24, 2024, Plaintiff filed the instant Complaint containing, essentially, the same three counts asserted before the Court of Federal Claims but in a different order. Plaintiff does seek a different remedy in this Court. Plaintiff now seeks equitable relief under the Administrative Procedures Act (APA) in the nature of mandamus directing the Secretary of the Air Force to correct the record to accord with the SSB's recommended June 1, 2012, DOR. Defendant moves to dismiss on three grounds: (1) lack of subject matter jurisdiction; (2) failure to state a claim upon which relief may be granted; and (3) issue preclusion. Doc. 8 at 3–4.

**III.   Analysis**

**A.   This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims**

When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, courts consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *See Bell v. Hood*, 327 U.S. 678, 682 (1946) (holding that a Rule 12(b)(6) motion "must be decided after and not before the court has assumed jurisdiction over the controversy"). Indeed, "a federal court may not hypothesize subject-matter jurisdiction for the purpose of deciding the merits." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999). It is Plaintiff's burden to prove subject-matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Plaintiff first asserted Claims One and Three before the Court of Federal Claims, which is where those claims belong. Under the Tucker Act (28 U.S.C. § 1491), the Court of Federal Claims has exclusive jurisdiction over actions against the United States for greater than $10,000. Here, the complaint alleges that Plaintiff has been deprived of back pay, benefits, and other emoluments that easily exceed $10,000. *See* Doc. 8-1 at 18. [4]

---

[4] The Court takes judicial notice of the exhibits to the Motion to Dismiss, Doc. 8-1 (Plaintiff's 2023 Complaint before the Court of Federal Claims) and Doc. 8-2 (Order issued by the Court of Federal Claims), because these materials are official court records that are not subject to dispute, and they are necessary to determine subject matter jurisdiction and

- 4 -

Plaintiff's argument that the anticipated "flow" of monetary damages is merely incidental to the equitable relief he seeks here is unconvincing. Doc. 9 at 10. "Claims Court jurisdiction cannot be avoided by framing an essentially monetary claim in injunctive or declaratory terms." *Portsmouth Redevelopment and Hous. Auth. v. Pierce*, 706 F.2d 471, 474 (4th Cir. 1983); *see also Smith v. Sec. of Army*, 384 F.3d 1288, 1294 (Fed. Cir. 2004) (Even if "pride and satisfaction associated with promotion to the rank of colonel" purport to animate the complaint, the plaintiff's "subjective motivations . . . do not govern the issue of jurisdiction."). Accordingly, this Court lacks subject matter jurisdiction over Counts I and III.

Count II alleges a violation of the MWPA based on Defendant's failure to timely provide necessary paperwork to the SASC, as well as Defendant providing incorrect information about Plaintiff's eligibility to return to active service, which Plaintiff alleges "undermined the entire purpose" of the MWPA. Doc 1 at 19–20. Plaintiff correctly concedes there can be no private cause of action based on a violation of the MWPA. Doc. 9 at 11; Transcript of Oral Argument, Doc. 16 at 44:15–17. There is "no judicial review … under the MWPA" because Congress provided "a specific form of redress in the statute." *Bias v. United States*, 722 F. App'x 1009, 1014 (Fed. Cir. 2018) (collecting cases); *see also Acquisto v. United States*, 70 F.3d 1010, 1011 (8th Cir. 1995) (statutory language, legislative history, and administrative regulations evince no private cause of action under MWPA). Accordingly, just like the Court of Federal Claims, this Court also lacks subject matter jurisdiction over Count II.

### B. Plaintiff's Claims Are Barred by the Doctrine of Issue Preclusion.

"Collateral estoppel, or issue preclusion, bars the relitigation of issues actually adjudicated in previous litigation between the same parties. The doctrine of collateral estoppel can apply to preclude relitigation of both issues of law and issues of fact if those issues were conclusively determined in a prior action." *Steen v. John Hancock Mut. Life Ins. Co.*, 106 F.3d 904, 910 (9th Cir. 1997) (citations omitted). This is so even if a

---

whether issue preclusion applies to Plaintiff's Complaint before this Court. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

"determination was reached upon an erroneous view or by an erroneous application of the law." *Richey v. U.S. I.R.S.*, 9 F.3d 1407, 1410 (9th Cir. 1993) (quoting *Montana v. United States*, 440 U.S. 147, 162 (1979)). "The party asserting issue preclusion must demonstrate: '(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits.'" *Howard v. City of Coos Bay*, 871 F.3d 1032, 1041 (9th Cir. 2017) (quoting *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012)).

Defendant asserts Plaintiff should be precluded from relitigating the following six issues: (1) Plaintiff is not legally entitled to a Colonel's pay because he is not legally entitled to the rank of Colonel; (2) "Plaintiff failed to satisfy a key legal requirement for promotion: confirmation by the Senate"; (3) "advancement on the Reserve Retired List is not the same as promotion with Senate confirmation"; (4) "[a]dvancement on the Reserve Retired List could not have applied retroactively to [Plaintiff's] time on active duty"; (5) neither statute required the Air Force to act on Plaintiff's confirmation, including an obligation to send information to the Senate or respond to requests for supplemental information; and (6) the claims are non-justiciable because no remedy is available under either statute. Doc. 10 at 4. Even if the Court permitted Plaintiff to "reframe" this Complaint as a violation of the Administrative Procedures Act, 5 U.S.C. § 702, such amendment would be futile because this Court is bound by certain findings of fact and law from the Court of Federal Claims' 2023 decision. *See* Doc. 10 at 2–3.

### 1. Identical Issue

Here, the Complaint alleges the same facts and statutory violations alleged before the Court of Federal Claims. Only the remedy Plaintiff seeks—equitable relief instead of damages—is arguably different. Plaintiff conceded this at oral argument. Doc. 16 at 4–7. Plaintiff alleges identical facts and statutory violations in both cases. Notwithstanding Plaintiff's attempt to reframe the remedy, each of the six issues identified by the Government were already decided by the Court of Federal Claims.

### 2. Actually Litigated

The parties litigated the six issues before the Court of Federal Claims and received a ruling, but that ruling was "without prejudice." The parties provided supplemental briefing on the significance of a dismissal "without prejudice." Plaintiff's briefing argued the 2023 case was not "actually litigated" and there was never any adjudication on the merits because it never moved beyond the pleadings stage. Doc. 14 at 2. But an issue is "actually litigated" once it is "raised, contested, and submitted for determination." *Janjua v. Neufeld*, 933 F.3d 1061, 1065 (9th Cir. 2019). In the previous case, Plaintiff filed an almost identical complaint that raised each of the six issues identified by Defendant. *Compare* Doc. 8-1 *with* Doc. 10 at 4. Plaintiff contested the issues by filing a Response in Opposition. *See* Doc. 8-2 at 2. And the issues were submitted for determination by the court. *See* Doc. 8-2. Although Plaintiff argues that the 2023 complaint focused more on the Senate confirmation process while the complaint here is more concerned with the Secretary's June 2021 decretal action, sufficient facts and evidence for both events were "actually litigated" before the Court of Federal Claims. Issue preclusion can apply "even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).

Defendant's supplemental briefing notes that issue preclusion can apply to any substantive issue of fact or law, not just whole claims. Doc. 13 at 2 (citing *Taylor*, 553 U.S. at 892). This is true even if the original action was dismissed without prejudice, "so long as the determination being accorded preclusive effect was essential to the dismissal." *Deutsch v. Flannery*, 823 F.2d 1361, 1364 (9th Cir. 1987). And that is the case here.

### 3. Full and Fair Opportunity

Plaintiff does not allege, nor has the Court identified, any deficiencies with the quality, extensiveness, or fairness of procedures followed in the prior litigation. Plaintiff had a full and fair opportunity to litigate the six issues, and he received a determination on the merits. Plaintiff chose not to file an amended complaint, and he chose not to seek an appeal from the adverse decision. Plaintiff had a full and fair opportunity to litigate his

claims.

#### 4. Necessary to the Merits

The crux of both complaints is whether Plaintiff is entitled to a retroactive DOR and whether the courts can force the Air Force to change Plaintiff's DOR to June 1, 2012. This necessarily required the Court of Federal Claims to reconcile: Plaintiff's current rank, the process by which Plaintiff achieved his rank, whether any statutes were violated, whether Plaintiff is entitled to backpay and other benefits, and whether any mechanism exists to grant the relief Plaintiff is seeking. The Court of Federal Claims' findings on these issues were necessary to a determination on the merits.

### C. The Court of Federal Claims Reached the Right Result on the Merits.

The Court of Federal Claims determined that Plaintiff is not entitled to relief. In the process of considering the subject matter jurisdiction issue and whether the doctrine of issue preclusion bars Plaintiff's claims, this Court did consider the merits of Plaintiff's claims. Without delving too deep into the matter, this Court would reach the same result as the Court of Federal Claims and find that, as a matter of law, for Plaintiff to receive a retroactive DOR to June 1, 2012, he must be promoted to Colonel under the Appointments Clause.

## IV. Conclusion

In 2019, an SSB found that the Air Force wrongfully denied Plaintiff a promotion in 2012 through a rigged selection process. In 2020, consistent with the SSB's recommendation, President Trump nominated Plaintiff for promotion to Colonel with a DOR retroactive to June 1, 2012. But the nomination was returned by the SASC without a vote, apparently because Plaintiff had been forced to retire due to his age in 2015 and, according to the Air Force, could not be returned to active duty to receive the promotion he was wrongfully denied. Thus, Plaintiff finds himself stuck in a Catch-22 that would impress even Joseph Heller.

Understandably, Colonel Rempfer comes to this Court looking for a remedy, but this Court cannot provide one. First, the Court lacks subject matter jurisdiction over

Colonel Rempfer's three claims. Second, Colonel Rempfer's claims are barred by the doctrine of issue preclusion because he already had his one bite at the apple before the Court of Federal Claims. And third, even if this Court gave Colonel Rempfer a second bite, it would taste the same as the first, because the Court of Federal Claims reached the right outcome. Under the Appointments Clause, Plaintiff's promotion to Colonel with a retroactive DOR to June 1, 2012, requires he be nominated by the President and confirmed by the Senate. Colonel Rempfer's case must be dismissed.

## V.     ORDER

Accordingly,

**IT IS ORDERED granting** Defendant's Motion to Dismiss Case (Doc. 8). The case is dismissed without leave to amend and with prejudice.

**IT IS FURTHER ORDERED directing** the Clerk of Court to enter a final judgment and close this case.

Dated this 28th day of February, 2025.

John C. Hinderaker
United States District Judge